# Thomas Murphy *vs.* The Patapsco Insurance Company.

Under the 2nd sec. of the act of 1813, ch. 55, (the charter of the appellee,) a stockholder refusing to renew his stock note is, notwithstanding the forfeiture of his stock thereby, still liable for his proportion of loss upon risks taken antecedent to such refusal.

This act does not impose the duty upon the company to offer the forfeited stock for sale, and then adjust the accounts between it and the delinquent stockholder before it can enforce payment of his proportion of such loss.

Appeal from Baltimore County Court.

*Assumpsit* by the appellee against the appellant, to recover upon a note given by the defendant to the plaintiff for capital shares of its stock, conformably to the act of 1813, ch. 55, the company's charter.

The suit was begun in 1828, and was tried in 1847, upon an agreed statement of facts, which admitted the execution of the note for the purpose above stated, it being a renewal of a note for the same amount from time to time, yearly renewed: that all the facts and accounts stated and admitted in the case, of the same plaintiff against John J. Donaldson, (which it was agreed was affirmed upon appeal by a divided court,) shall be considered and admitted in this case, and to

be read from the record in that case: and if the court shall be of opinion the plaintiff is entitled to recover, judgment shall be rendered for the plaintiff for the damages in the *nar*, to be released on payment of $493.25, with interest from the 24th of May 1834, on $400, and costs until paid. The court being of opinion the plaintiff was entitled to recover gave judgment accordingly, and the defendant appealed.

The 2nd sec. of the act of 1813, ch. 55, upon the construction of which this controversy arose, after fixing the capital stock of the corporation at $300,000, divided into 500 shares of $600 each, one-sixth of which was payable in a note with one endorser, to be approved by the president and directors of the company, to be due on the 4th of February then next, and the remaining five-sixths in notes, with two endorsers to be approved as aforesaid, which were to be renewed yearly, provides, that "if any person should fail or neglect to deliver to the said president and directors, on or before the 10th day of March next, the several notes hereinbefore described, or should fail or neglect to pay when due the aforesaid notes, for one-sixth part of each share or subscription, he shall cease to be a member of the said corporation, and his share or shares shall be disposed of by the president and directors, to such person as may apply for the same, and be admitted a stockholder according to the eleventh section of this act. And if hereafter any stockholder in this company, shall neglect or refuse to renew his notes as above directed, he shall forfeit all his interest in the said corporation, and his share or shares shall be disposed of by the president and directors as aforesaid, but the money which they shall receive from the sale of such share or shares or parts of shares, actually paid for by such delinquent, shall be repaid by them to him, his executors, administrators or assigns; but he shall nevertheless remain liable for the proportion of any loss which may arise, from risks taken antecedent to said refusal."

The other facts of the case sufficiently appear from the opinion of this court.

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*Reverdy Johnson, Jr.,* for the appellant.

1st. By his refusal to renew, the appellant ceased to be a stockholder, and is therefore not responsible for liabilities incurred by the company, after the 4th of December 1826, the date of his refusal, the second section of the charter not giving the company the power, at option, to forfeit the shares, but making the refusal to renew of itself a cessation of the character of stockholder, and the only remedy against such stockholders as refused to renew is the forfeiture and sale prescribed by the charter. The language of the section is imperative, "he *shall* forfeit all his interest," and "*shall* cease to be a member," &c., and his share "*shall* be disposed of," &c. Upon refusal the company were bound to *sell* his stock, and if they did not do this they forfeited their charter, 1 *Wheat.*, 328, *Martin vs. Hunter.* Where one act gives an option by using the words "may or shall," and another omits this and says "*shall*," the latter must be regarded as a *mandate* and not a *power.* As illustrating this view, see the acts of 1801, ch. 23, sec. 12; 1801, ch. 45, sec. 2; 1808, ch. 111, sec. 9; 1830, ch. 149, sec. 2; 1835, ch. 65, sec. 3; 1838, ch. 267, sec. 8. For the general rule for construing such a charter, see *Angel and Ames on Corps.,* 494, 495. Charters have been construed in the following cases. 21 *Wend.*, 273, *Herkimer Manf. Co., vs. Small.* 12 *Conn.*, 499, *Hartf. and New Haven Rail Road Co., vs. Kennedy.* 6 *Mass.*, 40, *Andover Corp., vs. Gould.* 1 *Binney,* 70, *Del. and Schuyl. Canal, vs. Sansom.* 2 *Bibb.*, 576, *Instone vs. Frankfort Bridge Co.* 3 *Hawks.*, 520, *Tar River Nav. Co., vs. Neal.* 4 *Randolph,* 578, *Grays vs. Turnpike Co.* 9 *Johns.*, 217, *Goshen Turnpike Co., vs. Hurtin.* 8 *Mass.*, 138, *New Bedford Corp., vs. Adams.* 14 *Do.*, 286, *Franklin Glass Co., vs. White.* 1 *Caines Rep.*, 381, *Union Turnpike Co., vs. Jenkins.* But in none of them are the words like those in the present case, containing a *mandate* and not an *option.* They may all be divided

into two classes, *first*, where an *option* is given by the charter, and *secondly*, where the stock is *forfeited* to the company. I insist therefore that there can be no recovery on this note.

2nd. But if the company have a cumulative remedy on the note, it is only upon the liabilities attaching upon it at the date of the refusal to renew. His liability is *expressly* restricted to antecedent risks, and this is an exclusion of a conclusion that he is liable for any subsequent risks. In this view the accounts in the case show, that too much has been allowed by the judgment below.

*Charles F. Mayer* for the appellee.

This is an attempt on the part of the appellant, to get rid of his solemn obligations by his own wrong, his own wilful neglect to comply with the requirements of the charter of the company of which he was a member. The legislature had special reference to the *security of the creditors* of this insurance company, in all the provisions of its charter. Each stockholder is required to renew his notes every year. It is an injunction upon him to renew, and if he fails he is declared a defaulter, a delinquent. The language of the second section clearly shows that the remedy was *alternative*, for he is required to pay until the time of refusal. The stock cannot be transferred except upon two good endorsers, and only to such persons as shall *apply* for it. If therefore the stock was worth nothing, the company would, upon the construction placed upon this section by the other side, have no security, nothing with which to pay their obligations.

The uniform construction of the word "*shall*" is, that it implies a power and not a mandate. It means, in reference to the object of this act, "*may*," just as "*may*," sometimes, is construed "*must.*" In the case of *Hall vs. The United States Ins. Co.*, 5 *Gill*, 499, a provision quite as peremptory as this was decided to be a mere power. In 1 *Binney*, 70, the words were, "may and *shall* be sold," and yet the court say it was a mere discretionary power. See also 5 *Alabama*, 799, *Selma Rail Road Co., vs. Tipton.* 1 *Caine's Rep.*, 382,

*Union Turnpike Co., vs. Jenkins.* 9 *Johns.*, 217, *Goshen Turnpike Co., vs. Hurtin.* 14 *Do.*, 238, *Dutchess Cotton Manf. vs. Davis.* 2 *Comstock*, 330, *Small vs. Herkimer Manf. Co.* And same case in 2 *Hill.*, 127. 22 *Wend.*, 277, 296, *Russell vs. Jackson.* 2 *Barbour*, 294, *Mann vs. Currie.* 5 *Mass.*, 80, *Worcester Turnpike, vs. Willard.* 4 *H. & McH.*, 135, *Mackubin vs. Whetcroft.* 6 *Hill.*, 507, *Hinsdale vs. White.* The failure to renew would be the subject of a suit; how then can such refusal destroy the contract and the notes?

But by the statement of facts upon which the case was tried, the only question is, whether the plaintiff is entitled to recover at all? And if it is, the judgment must be affirmed, for the statement fixes and ascertains of itself the amount of the recovery. Now the second section of this charter says, the party shall be liable up to the date of the refusal, and the accounts show that the appellant had at *that time* incurred liability for antecedent risks. According to the strict construction of this agreement, therefore the judgment must be affirmed.

Le Grand, C. J., delivered the opinion of this court.

This case comes before us on a case stated. It is agreed that if the court should be of the opinion that the appellee is entitled to recover, that the judgment shall be entered up for a sum specified. This deprives us of the power to assess any other damages. The question then is:—Is the appellee entitled to recover? We think it is, and we found this opinion on the express language of the 2nd sec. of the act of 1813, ch. 55, which after providing for the forfeiture of the stock of a delinquent stockholder, goes on to declare, that notwithstanding such forfeiture, he shall, *"nevertheless, remain liable for the proportion of any loss which may arise from risks taken antecedent to said refusal,"* on his part, to comply with his obligation. It is clear from the account of the auditor that a loss had occurred, and the case stated fixes the amount of the judgment.

It was argued by the counsel, that there was a duty imposed on the company to offer the stock for sale, and then to

adjust the account between the company and the appellant. We do not think the charter can be so interpreted. It provides that the stock when forfeited shall be transferred to any person applying for it; but it does not appear that any application was made for this stock of the appellant, and being utterly worthless, we suppose any effort to dispose of it would have proved unproductive of any benefit to the appellant.

We affirm the judgment.

*Judgment affirmed.*